UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| **Ruth Elzey,** | ) | Case No. **21-10151** |
| | ) | |
| Debtor. | ) | Hon. Donald R Cassling |

**NOTICE OF MOTION**

TO:   See Attached List

PLEASE TAKE NOTICE that on **Tuesday, October 26, 2021** at **9:30 AM**, I will appear before the Honorable Donald R Cassling, or any judge sitting in his place, and present the United States Trustee's **Motion to Dismiss Chapter 7 Case for Cause and Bar Debtor From Refiling for 180 Days**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 414 7941** and the password is **619**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ Spencer Ezell
Spencer Ezell, Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
(262) 613-8737

## CERTIFICATE OF SERVICE

  I, Spencer Ezell, Attorney, certify that I served copies of the **Notice of Motion** and **Notice of Motion and Motion to Dismiss Chapter 7 Case for Cause and Bar Debtor From Refiling for 180 Days** on each entity shown on the attached list at the address shown and by the method indicated on the list on October 15, 2021 by 5:00 PM.

              /s/ *Spencer Ezell*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice For Registrants:**

N. Neville Reid  nreid@foxswibel.com

**Parties Served via First Class Mail:**

Ruth Elzey
1530 N Orleans St
Unit 1
Chicago, IL 60610

Atlas Acquisitions LLC
492C Cedar Lane, Ste 442
Teaneck, NJ 07666

Wollemi Acquisitions, LLC
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| **Ruth Elzey,** | ) | Case No. **21-10151** |
| | ) | |
| Debtor. | ) | Hon. Donald R Cassling |

**MOTION TO DISMISS CHAPTER 7 CASE FOR CAUSE AND**
**BAR DEBTOR FROM REFILING FOR 180 DAYS**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois ("U.S. Trustee"), by and through his attorney, Spencer Ezell, hereby requests entry of an order dismissing the above-captioned chapter 7 case for cause and barring Ruth Elzey ("Debtor") from filing another bankruptcy case for 180 days. In support of his request, the U.S. Trustee respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to Internal Operating Procedure 15(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee, who is charged with the administrative oversight of the bankruptcy system in this District, pursuant to 28 U.S.C. § 586(a). Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the Courts.

3. The U.S. Trustee has standing to be heard on the issues raised in this motion under title 11 of the United States Code, sections 307 and 707(a)(3).

1

4. The statutory bases for the relief requested herein are sections 707(a)(3) and 109(g) of title 11 of the United States Code.

## BACKGROUND

5. On August 31, 2021, the Debtor filed a *pro se* voluntary petition ("Petition") for relief under Chapter 7 of title 11 of the United States Code, sections 101 *et seq.* ("Bankruptcy Code"), initiating case number 21-10151 ("Present Case"). A true and correct copy of the Petition is attached hereto as *Exhibit A*.

6. N. Neville Reid was appointed and served as the chapter 7 trustee ("Chapter 7 Trustee"). The Debtor did not appear at her first meeting of creditors which was originally scheduled for September 23, 2021 ("341 Meeting"). As a result, the Chapter 7 Trustee continued the 341 Meeting to October 28, 2021 at 12:00 PM.

7. Page three of the Petition asks if the debtor has filed for bankruptcy within the last 8 years and requires the debtor to disclose all of these prior cases. Although the Debtor checked the "Yes" box for prior bankruptcies, the Debtor failed to provide any case information except for "Northern 10/2020." *See Ex.* A at p. 3. The Debtor signed the Petition under penalty of perjury, declaring that all information provided was true and correct. *See Ex.* A at p. 6.

8. In fact, including the Present Case, the Debtor has filed twelve (12) cases since December 12, 2014. The eleven (11) prior cases that the Debtor filed include case numbers: 19-28451; 19-09607; 18-23136; 18-07656; 17-37907; 17-33030; 17-23060; 17-11040; 16-22462; 15-25828; and 14-44276 (collectively, the "Prior Cases").

9. Contemporaneously with the Petition, the Debtor filed her Application to Have the Chapter 7 Filing Fee Waived ("Application"), in which she failed to list any of her prior filings

and signed the Application under penalty of perjury. A copy of the Application is attached hereto as *Exhibit B*.

10. On September 2, 2021, this Court entered an order denying the Debtor's Application. [Dkt. 11]. As of the date of this Motion, the Debtor has failed to pay the first installment of $84.50 which was due by September 30, 2021.

11. Most of the Prior Cases shown on the chart below were Chapter 7 cases, filed *pro se*, and dismissed for failure to file required documents, attend 341 meetings and pay filing fees. The chart below shows all of the Debtor's cases and their disposition:

| Case No. | Ch. | Filing Fee Balance | Date Filed | Dismissal Date | Duration of Case | Time From Prior Dismissal to Filing New Case |
|---|---|---|---|---|---|---|
| **21-10151** | 7 | $338.00 | 08/31/2021 | N/A | Pending | 1 year, 7 months |
| **19-28451** | 7 | $245.00 | 10/07/2019 | 02/05/2020 | 4 months | 5 days |
| **19-09607** | 7 | $335.00 | 04/03/2019 | 10/02/2019 | 6 months | 6 months |
| **18-23136** | 7 | $335.00 | 08/16/2018 | 09/25/2018[1] | 40 days | 2 months, 17 days |
| **18-07656** | 7 | $335.00 | 03/16/2018 | 05/30/2018 | 2 months, 14 days | 1 month, 16 days |
| **17-37907** | 7 | $335.00 | 12/22/2017 | 01/30/2018 | 39 days | 1 month (Overlap) |
| **17-33030** | 7 | $335.00 | 11/03/2017 | 01/18/2018 | 2 months, 15 days | 43 days |
| **17-23060** | 7 | $335.00 | 08/02/2017 | 09/21/2017 | 50 days | 43 days |
| **17-11040** | 7 | $335.00 | 04/07/2017 | 06/20/2017 | 2 months, 13 days | 7 months, 14 days |
| **16-22462** | 7 | $335.00 | 07/13/2016 | 08/24/2016 | 42 days | 6 months, 13 days |
| **15-25828** | 13 | $0.00 | 07/29/2015 | 12/30/2015 | 5 months | 2 months, 9 days |
| **14-44276** | 13 | $0.00 | 12/12/2014 | 05/20/2015 | 5 months, 8 days | |
| | | **Total Unpaid Fees: $3,263.00** | | | | |

---

[1] In particular, Case No. 18-23136 was dismissed with a 180-day bar, on motion of the U.S. Trustee, based on the Debtor's failure to file required documents and failure to prosecute any of her previous filings.

# ARGUMENT

**I.     The Debtor's Present Case Should Be Dismissed under Sections 707(a)(1)-(3).**

12.    Section 707(a)(1)-(3) states:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees or charges required under chapter 123 of title 28; and
(3) failure of the debtor in a voluntary case to file, within fifteen days … the information required by paragraph (1) of section 521(a).

11 U.S.C. § 707(a) (1)-(3).

13.    Pursuant to § 707(a)(1), a court may dismiss a Chapter 7 case for "unreasonable delay by the debtor that is prejudicial to creditors." In addition to the unusually long automatic stay provided by the Present Case and the 11 Prior Cases, with this perpetual delay, the Debtor has been able to continually turn what would normally be post-petition debt (and thus non-dischargeable) into prepetition debt (and thus dischargeable) by failing to complete one case and simply filing another, further prejudicing the creditors. As a result, the U.S. Trustee believes that this delay is prejudicial to creditors and warrants dismissal.

14.    In addition, the Debtor has failed to: (1) include all of the Prior Cases in her Petition and Application notwithstanding that she signed the Petition under penalty of perjury; (2) pay the first filing fee installment; and (3) appear at the 341 Meeting. As such, the U.S. Trustee believes that these failures constitute cause to dismiss the Present Case under §§ 707(a)(1)-(3).

**II.    The Debtor Should Be Barred from Filing Another Bankruptcy Case for 180 Days.**

15.    Generally, dismissing a debtor's case does not bar the discharge of the debts owed in a later filed case. *See* 11 U.S.C. § 349(a) ("Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title . . . nor

4

does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title"). Notwithstanding, an individual may not statutorily be a debtor under the Bankruptcy Code if he failed to prosecute a prior bankruptcy case within the preceding 180 days. *See* 11 U.S.C. § 109(g) (stating that a former debtor under the Bankruptcy Code may not file for bankruptcy relief within 180 days of his prior case's dismissal if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case"). Thus, an individual who fails to prosecute one bankruptcy case is barred from filing a subsequent bankruptcy case in which he is a debtor for 180 days. *See* 11 U.S.C. § 109(g).

16. Further, the 180-day bar of section 109(g) is self-effectuating. *In re Class A Props. Five, LLC*, 600 B.R. 27, 37 (Bankr. N.D. Ill. 2019) ("There is no reason to order a 180-day bar in an order dismissing a case with prejudice when the conditions in section 109(g) are present. Section 109(g) is self-effectuating.").

17. Here, the Debtor failed to prosecute any of the 12 cases that she has filed to date. The Prior Chapter 7 Cases and Chapter 13 Cases were dismissed based on the Debtor's failure to file complete documents, make plan payments, pay filing fees, and/or attend 341 meetings. Given the number of times that the Debtor has filed bankruptcy in the past seven years, the U.S. Trustee believes that these deficiencies and omissions are intentional and that this bankruptcy was filed in bad faith.

18. Every time the Debtor files a bankruptcy case, she triggers imposition of the automatic stay under section 362 of the Bankruptcy Code, halting the debt collection efforts of her creditors. After receiving the automatic stay's protections, the Debtor has routinely failed to prosecute her bankruptcy cases, as evidenced by the dismissals of all of the Prior Cases. Moreover,

5

the Present Case Petition does not present any materially changed circumstances that might otherwise rebut imposing a bar on her refiling as a result of the Debtor's history of serial filings and repeated failures to file Required Documents, attend 341 meetings, or pay filing fees.

19.     Based on the foregoing, the U.S. Trustee believes that the Debtor's failure to list all of her Prior Cases, attend the 341 Meeting, or otherwise prosecute the Present Case as well, as any of the Prior Cases, warrants dismissal of the Present Case pursuant to section 707(a) for cause with a 180-day bar to refiling any case under Title 11 pursuant to section 109(g).

**WHEREFORE**, the U.S. Trustee respectfully requests this Court enter an order:

(i) dismissing the Present Case for cause under section 707(a)(1)-(3);
(ii) directing the clerk's office to not accept any future petitions from this Debtor for 180 days pursuant to the bar of section 109(g); and
(iii) granting any and all other relief as is necessary and just.

RESPECTFULLY SUBMITTED:
PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: October 15, 2021         By:     /s/ *Spencer Ezell*
Spencer Ezell, Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
(262) 613-8737